**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK BRETT,

    Plaintiff,

v.

CHRIS CHRISTIE, *et al.*,

    Defendants.

Civil Action No. 17-6176 (MAS) (DEA)

**MEMORANDUM ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

This matter comes before the Court on the application of Plaintiff Frank Brett ("Plaintiff") to proceed without prepayment of fees under 28 U.S.C. § 1915. (ECF No. 1-1.) The Court will grant the application on the strength of Plaintiff's allegation of indigence but dismiss the Complaint (ECF No. 1) because it is frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e).

A complaint by a plaintiff proceeding *in forma pauperis* is subject to a review by the Court and may be dismissed *sua sponte* if the action is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. §1915(e)(2)(B). "[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Here, Plaintiff brought this lawsuit against Governor Chris Christie, nine individuals, and one entity (collectively "Defendants") asserting claims for "obstruction of justice by an attorney." (Compl. 2, ECF No. 1.) Plaintiff claims he has been injured in the form of "stomac [sic] disorders from 1994" and seeks three million dollars from each Defendant as well as an injunction against a non-party for "stalking [Plaintiff] for the last 7 years in 13 states over 40 times and the District of Columbia." (*Id.* at 4.)

Plaintiff asserts jurisdiction is proper pursuant to 18 U.S.C. § 118—a criminal statute prohibiting interference with a federal law enforcement agent. *See* 18 U.S.C. § 118. In support of his claims, Plaintiff submitted over 100 pages of largely unintelligible ramblings, most of which appear unrelated to the alleged injuries or relief Plaintiff is seeking.

Federal Rule of Civil Procedure 8(a) requires that Plaintiff set forth: (1) a short and plain statement of the grounds upon which the Court's jurisdiction is based; and (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). A complaint must be dismissed where the pleading is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tillio v. Northland Grp. Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Here, Plaintiff's Complaint does not comply with the pleading requirements and must be dismissed. The allegations fail to adequately describe a claim upon which the Court can grant relief.

In addition, 28 U.S.C. § 1915 requires the Court to dismiss a Complaint that is frivolous. *See* 28 U.S.C. § 1915; *Ball v. Famiglio*, 726 F.3d 448, 461–62 (3d Cir. 2013). The frivolousness determination considers whether a claim is based on an "indisputably meritless legal theory" or if the factual allegations are "clearly baseless." *See Famiglio*, 726 F.3d at 462 (citing *Neitzke v. Williams*, 490 U.S at 327). A finding of factual frivolousness is appropriate when the allegations "rise to the level of the irrational or the wholly incredible." *Famiglio*, 726 F.3d at 462 n. 18 (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). In this matter, the allegations are both legally and factually frivolous. The Complaint fails to set forth facts that could establish the obstruction of justice claim alleged by Plaintiff. Further, the allegations, many of which are unrelated to the stated statutory basis for the Complaint, involve implausible and fanciful allegations that strain credulity.

Accordingly,

IT IS, on this 3rd day of October 2017, **ORDERED** that:

1) Plaintiff's application to proceed *in forma pauperis* is hereby granted pursuant to 28 U.S.C. § 1915;

2) The Clerk of the Court shall file the Complaint without prepayment of fees or security;

3) The Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); and

4) The Clerk of the Court shall mark this matter CLOSED.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**